DAUKSCH, Judge.
This is an appeal from a judgment in a probate ease.
The question on appeal involves the de-' elared intent of the trustor in the distribution of the trust’s assets.
The mother of Harold Dillow established the trust and directed in the trust, inter alia, that upon the death of Harold, if he died after her, that
(aa) If the surviving spouse of HAROLD R. DILLOW is living and if she was married to the said HAROLD R. DILLOW at the time of his death, the Trustee shall distribute to her Ten (10%) Per Cent of this net Trust Estate.
The appellees and the trial court interpreted the foregoing to mean that one Amelia Dillow, who was the spouse of Harold when the trust was executed, was the specific person entitled to the trust benefit. They say that because Amelia died in 1993, and the trustor died in 1984, they are the survivors of Amelia entitling them to Amelia’s share by descent. However, at the time of the death of Harold, he had a surviving spouse, appellant, whom he married after the death of Amelia. Thus, the surviving spouse was appellant, Bette. Bette is the only person fitting the description in the trust. If the donor of the trust had meant for Amelia, or her heirs and survivors, to be the beneficiary, then she was bound to name Amelia and not give the benefit to an unnamed surviving spouse.
Appellees respond to the foregoing logic by saying that Bette entered into a prenuptial agreement with Harold wherein she dis *363 claimed any right to Harold’s property and interests. By the terms of the trust, Harold’s only interest was the income from the trust’s assets. He had no right to the trust’s assets themselves, only the surviving spouse could receive ten percent of the trust’s assets. So when Bette gave up her rights to Harold’s property she did not give up her right to the trust’s assets. She had her own right to that property by being the “surviving spouse of Harold R. Dillow ... living and ... married to” him at the time of his death.
The judgment is reversed and this ease remanded for entry of orders consistent herewith.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.